NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| IN RE JOON HYUN PARK,<br><br>*Debtor.*<br><br>---<br><br>CHUNG CHO,<br><br>*Plaintiff,*<br><br>v.<br><br>JOON HYUN PARK,<br><br>*Defendant.* | **Bankr. Action No. 13-34203**<br><br>**ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY**<br><br>**Civil Action No. 15 – 3572**<br><br>**Adv. Pro. 14-1128**<br><br>**OPINION** |

ARLEO, UNITED STATES DISTRICT JUDGE

THIS MATTER comes before the Court on Creditor-Plaintiff Chung Cho's ("Appellant") appeal from the Bankruptcy Court's May 14, 2015 order granting Debtor-Defendant Joon Hyun Park's ("Debtor") motion for summary judgment and denying Appellant's cross-motion for summary judgment. For the reasons set forth below, the Court **AFFIRMS** the Bankruptcy Court's order.

### I.   BACKGROUND

This is Appellant's third appeal before the undersigned concerning Debtor's bankruptcy and the fourth total in this Circuit. See Nos. 14-7613, 15-01045, 15-03572; USCA No. 15-2768. The Court will therefore set forth only those facts necessary to disposition of this appeal.

In 2001, Debtor purchased a residence in Fort Lee, New Jersey from Appellant for $665,000.[1] Appellant alleges that Debtor obtained a mortgage for $450,000 and tendered a check for $226,964.23 to cover the difference. Debtor asked Appellant not to cash the check for a "short time" until he could fully fund the account. Appellant agreed to wait, but Debtor closed the account without depositing any money. Appellant nonetheless transferred the property to the Debtor.

Around the same time, Debtor and his wife also purchased a deli named Seventh Avenue Fine Foods Corp d/b/a Smiler's Delicatessen ("Smiler's Deli") from Appellant's sister, Ryung Hee Cho. They bought the deli for $2,000,000, at monthly installments of $20,000 to $30,000. Appellant alleges that the purchase was really a sham transaction, entered into so that Debtor could siphon money and shield his assets from Appellant and other creditors.

In 2010, the parties agreed to binding arbitration over the unpaid check. The arbitrator found in favor of Appellant for the full amount of the check. During the proceeding, however, Appellant learned that Debtor no longer owned Smiler's Deli. He had transferred the deli back to Ms. Cho around 2011 because the business was "doing poorly." Appellant then filed a fraudulent transfer action in the Southern District of New York (the "SDNY Action") against Smiler's Deli, Debtor, Debtor's wife, and Ms. Cho.

In November 2013, Debtor filed a Chapter 7 petition where he listed the debt to Appellant for the unpaid check in his Schedule F list of creditors holding unsecured nonpriority claims. In Re Park, No. 13-34204, Dkt. No. 1, Voluntary Petition at 15.

---

[1] Unless indicated otherwise, the following facts are taken from the Certification of Adam Garcia, filed with Appellant's cross-motion for summary judgment in the adversary proceeding. Cho v. Park, No. 14-1128, Dkt. No. 23-4.

During discovery, Appellant requested documents related to the operation of Smiler's Deli. Debtor provided income tax records, tax accountant information, bank statements and checks, composition notebooks, corporate resolution documents, payment history, and transcript of a deposition conducted in the SDNY Action. See Marelic Cert. Ex. B, Dkt. No. 10-4. During depositions, he testified that he was no longer able to make payments related to his house or car due to a decrease in income since he sold the deli. See Garcia Cert. Ex. 21, Tr. 18:2-25, 20:4-5. He also testified that his income from the deli decreased in the final year of ownership, and he found it difficult to pay rent, taxes, and payroll. Tr. 21:14-24, 29:8-30:8. He explained that he documented the cash register transactions in a composition notebook and relied on his CPA to review bank statements to calculate the deli's tax returns. Tr. 37:1-40:24.

On January 30, 2014, Appellant filed an adversary action, where he objected to discharge based on Debtor's allegedly fraudulent operation of Smiler's Deli. Appellant asserted causes of action under (1) 11 U.S.C. § 727(a)(4)(A), alleging that Debtor knowingly and fraudulently made a false oath in connection with the Chapter 7 proceeding, though the allegations consist of vague references to unidentified statements made in "the Petition, Schedules, and Statement of Financial Affairs"; (2) § 727(a)(3), alleging that debtor failed to keep and preserve the deli's business records; and (3) § 727(a)(5), alleging that Debtor failed to give a satisfactory explanation for the loss of assets in the deli.[2] See Compl., No. 14-1128, Dkt. No. 1.

---

[2] The allegations under the third cause of action are difficult to decipher. Section 727(a)(5) prohibits discharge when "the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." The entirety of Appellant's allegations under that provision are as follows: "Defendant has secreted millions of dollars under this control from the business he claimed to have owned to one or more third-party [sic] without valid consideration. Defendant's failure to disclose such information is intended to obtain a discharge so as to prevent all such potential claims from being asserted against him, and it would be inequitable to do so by the Court." Compl. ¶¶ 27-28.

The parties filed cross-motions for summary judgment. No. 14-1128, Dkt. Nos. 10, 23. On May 14, 2015, the Bankruptcy Court held oral argument and set forth on the record its decision granting Debtor's motion and denying Appellant's cross-motion. No. 14-1128, Dkt. No. 40; see also May 14, 2015 Order, No. 14-1128, Dkt. No. 31. In reaching the determination, the Bankruptcy Court held that (1) the § 727(a)(4)(A) claim failed because, first, Appellant did not explain where the false statement occurred, and, second, to the extent the claim is based on allegedly fraudulent cash transfers, Debtor properly disclosed that he transferred funds to Ms. Cho, see Tr. 25:21-28:25; (2) Debtor maintained and provided sufficient financial records—i.e., bank statements, tax returns, certain documents reflecting daily transactions at the deli—to satisfy the § 727(a)(3)'s recordkeeping requirements, see Tr. 29:1-30:12; and (3) Debtor's explanation that he was returning operation of the deli to the seller because of its poor performance met § 727(a)(5)'s requirement for a satisfactory explanation of the loss of assets, see Tr. 30:13-31:9.

Although Appellant's adversary complaint only contained causes of action under §§ 727(a)(2), (a)(3), and (a)(5), his brief in support of his cross-motion for summary judgment asserted arguments against discharge under other sections of the Bankruptcy Code. He argued for discharge based on the Bankruptcy Court's equity power, citing to § 105(a). 11 U.S.C. § 105(a).[3] His arguments related to Debtor's issuance of the check to buy their home, not the Smiler's Deli transaction. Specifically, he argued that equity does not allow discharge because Debtor (1) issued a "bad check" in violation of N.S.J.A. 2C:21-5; and (2) made a false statement, in violation of 18 U.S.C. § 1010, when he filled out an HUD-1 statement indicating that he owed $226,964.23 to Appellant but then subsequently denied that he actually owed Appellant any money. He also

---

[3] Section 105(a) permits the Bankruptcy Court to, "sua sponte, tak[e] any action or mak[e] any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process."

argued for discharge under § 523(a)(2)(A) when he fraudulently promised Appellant that he would fund the bank account in a short time. 11 U.S.C § 523(a)(2)(A).[4] He lastly argued under § 707(a) that the Chapter 7 proceeding should be dismissed because Debtor filed his petition in bad faith. 11 U.S.C. § 707(a).

The Bankruptcy Court did not consider these arguments because they went beyond the scope of the claims in the adversary complaint. Tr. 9:18-21. The Bankruptcy Court also noted that, while some of Appellant's arguments might have had merit under Section 523, a cause of action under that section was time-barred. Tr. 31:14.

In the Chapter 7 proceeding, on December 1, 2014, the Bankruptcy Court approved a settlement between the Trustee, Ms. Cho, and Smiler's Deli over Appellant's objection. No. 13-34203, Dkt. No. 45. The settlement terms provided that Ms. Cho and Smiler's Deli will pay the Trustee $25,000 in settlement of any claims the Trustee and the Bankruptcy Estate have against them. See No. 13-34203, Dkt. No. 30. The settlement approval was affirmed by this Court, No. 14-7613, Dkt. No. 4, and is now pending appeal before the Third Circuit, Appeals Dkt. No. 15-2768.

## II.   STANDARD OF REVIEW

In the appeal of a bankruptcy court's orders, findings of fact are reviewed for clear error, and conclusions of law are reviewed de novo. See In re Sharon Steel Corp., 871 F.2d 1217, 1222-23 (3d Cir. 1989). An abuse of discretion standard applies where the bankruptcy court has

---

[4] Section 523(a)(2)(A) prohibits an individual debtor from discharging a debt for money, property, services, or an extension, renewal, or refinancing of credit, "to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

exercised discretion in making its determination. Hopkins v. McDonnell, 2006 WL 2241646, at *2 (D.N.J. Aug. 4, 2006).

III.    ANALYSIS

### A. The May 14, 2015 Order Granting Summary Judgment

Appellant first argues that the Bankruptcy Court should not have granted Debtor's summary judgment motion because he withheld and misrepresented financial information in violation of §§ 727(a)(3), (a)(4)(A), and (a)(5). The Court disagrees.

### 1. Section 727(a)(4)(A)

Appellant does not specially address the Bankruptcy Court's finding that Debtor did not commit a false oath. He instead reasserts the same argument as below that Debtor falsely stated that Smiler's Deli was doing poorly in light of the deli's tax returns, which showed an increase in revenue from 2002 to 2011.

Under § 727(a)(4)(A), a debtor is not entitled to a discharge when he "knowingly and fraudulently, in or in connection with the case (A) made a false oath or account." The objecting party must prove an "actual intent on the part of the bankrupt to hinder, delay, and defraud his creditors." In re Georges, 138 F. App'x 471, 472 (3d Cir. 2005) (internal citation omitted). The objecting party has the burden of proof by a preponderance of the evidence. Id. (internal citation omitted). Whether a debtor has made a false oath within the meaning of § 727(a)(4)(A) is a question of fact. Scimeca v. Umanoff, 169 B.R. 536, 543 (D.N.J. 1993) aff'd sub nom. In re Scimeca, 30 F.3d 1488 (3d Cir. 1994). The Bankruptcy Court's findings with respect to this issue may not be set aside unless clearly erroneous. Id.

Here, the evidence in the record is sufficient to support the Bankruptcy Court's finding that Debtor did not make a false oath or account. The Bankruptcy Court found that Debtor disclosed

at the arbitration the cash payments to Ms. Cho, provided what documentation he had to support his opinion that the business was failing, was relatively unsophisticated in business matters, communicated through a translator at the proceedings, and relied on his CPA and wife to oversee financial matters at home and with the business, including the preparation of tax returns. Taken together, the Bankruptcy Court found that Debtor did not intentionally mislead creditors. Viewing all the relevant evidence, there is no basis to overturn the Bankruptcy Court's finding.

The sole fact that the deli's tax returns showed an increase in revenue does not render the finding clearly erroneous. As the Bankruptcy Court noted, Debtor explained that he was not aware of the rise in revenue because he did not directly handle such matters. Appellant did not contradict that fact with evidence to the contrary that would create a genuine dispute of material fact. Moreover, an increase in revenue is not synonymous with a successful business, particularly in light of Debtor's testimony that his expenses increased. Appellant's unsupported contention that Debtor intentionally mislead creditors is not enough to fend off an otherwise successfully summary judgment motion.

### 2. Sections 727(a)(3) and (a)(5)

Appellant asserts a virtually identical challenge under §§ 727(a)(3) and (a)(5): Debtor did not provide an adequate explanation of why Smiler's Deli was doing poorly.[5] The Court again finds no basis to overturn the Bankruptcy Court's ruling under either subsection.

---

[5] Appellant also argues that discharge should be denied because Debtor allegedly failed to disclose an $800,000 loan from Smiler's Deli to an entity called D2D Marketing in his Chapter 7 petition. This argument fails for two reasons. First, this same argument was raised and rejected by the Bankruptcy Court in the underlying Chapter 7 proceeding for lack of sufficient evidence. See, No. 13-34203, Jan. 20, 2015 Hr'g Tr., Dkt. No. 71, at 7:10-19. Second, in the instant action, the Bankruptcy Court again stated that Appellant provided no evidence to support the existence of any such loan, aside from Appellant's belief. Tr. 19:9-20:7. Given the lack of evidentiary support, the Bankruptcy Court properly rejected Appellant's argument.

Section 727(a)(3) prohibits discharge when "the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case." In order to state a claim under § 727(a)(3), Appellant must demonstrate by a preponderance of the evidence that: (1) Debtor concealed or failed to maintain and preserve adequate records, and (2) this failure made it impossible to ascertain his financial condition and material business transactions. In re DiLoreto, 266 F. App'x 140, 145 (3d Cir. 2008).

Here, Appellant does not point to any error committed by the Bankruptcy Court, simply reasserting the same argument raised below. The Bankruptcy Court's findings stand. The Bankruptcy Court found that Debtor provided bank statements and tax returns, and testified about the manner in which he managed the deli's register and the types of documents he prepared to reflect the daily transactions. He also provided credit card sales reports to his accountant and provided documents in response to Appellant's document requests. The finding that Debtor kept adequate, if imperfect, records was therefore not erroneous. Indeed, § 727 does not require a debtor seeking a discharge to maintain specific types of account, nor does it require an impeccable system of bookkeeping. Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3d Cir. 1992). It only requires records that allow creditors to "sufficiently identify the transactions so that intelligent inquiry can be made of them." Id. (internal citation omitted).

The Bankruptcy Court likewise noted that Debtor disclosed all the documents he had, and that his accounting standards were consistent with his lack of financial sophistication and ability. This accords with § 727(a)(3)'s requirements. See id. ("Depending upon the sophistication of the debtor and the extent of his activities, different record keeping practices are necessary.").

Appellant's reliance on In Re Powell, No. 08-31 (Bankr. E.D. Mich., July 20, 2009) is unpersuasive. There, the court denied discharge under § 727(a)(3) and (a)(5) because the debtor, who had decades of experience in finance, did not disclose that certain entities existed, stated that she transferred personal property when she really transferred stocks, misstated how much she owed in payments to Judgment Asset Recovery, withheld information about the value of certain entities, and failed to provide certain books and records without giving a reason for doing so. Id. at *7-8. The facts here are markedly different.

Appellant's challenge under § 727(a)(5) also fails for similar reasons.   Section 727(a)(5) provides in relevant part that "[t]he court shall grant the debtor a discharge, unless . . . the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtors liabilities." The party objecting to a debtor's discharge has the burden of proving facts establishing that a loss or shrinkage of assets actually occurred. In re Sendecky, 283 B.R. 760, 765 (B.A.P. 8th Cir. 2002). To meet this burden, the creditor must put forth "evidence that demonstrates that the debtor formerly owned substantial, identifiable assets that are now unavailable to distribute to creditors." In re Elian, No. 10-49482, 2015 WL 5164796, at *4 (D.N.J. Sept. 2, 2015) (internal citation and quotations omitted). If the creditor makes such a showing, the burden then shifts to the debtor to provide a "satisfactory" explanation for the loss of assets. Sendecky, 283 B.R. at 766.

What constitutes a "satisfactory" explanation under § 727(a)(5) is left to the discretion of the court. In re Simmons, 525 B.R. 543, 548 (B.A.P. 1st Cir. 2015). The "issue is whether the debtor's explanation satisfactorily describes what happened to the assets; not whether what happened to the assets was proper." In re Elian, 2015 WL 516476, at *4 (internal citation and quotations omitted).

9

In essence, Appellant argues that Debtor's explanation for selling the deli was not satisfactory. However, the Bankruptcy Court considered Debtor's explanation against the circumstances and condition of the business, the nature of the business, Debtor's financial position at the time, and the fact that Debtor was facing an eviction action. Based on these factors, the Bankruptcy Court found Debtor's explanation to be reasonable. The finding was not an abuse of discretion.[6]

In sum, Appellant has not established either a reversible error or a genuine issue of material fact. The Bankruptcy Court's grant of summary judgment in favor of Debtor in the adversary proceeding is therefore affirmed.

**B. Arguments Unrelated to Section 727**

Appellant next raises arguments for discharge under §§ 105(a) and 523(a)(2)(A). The Bankruptcy Court refused to consider these arguments below because he failed to include them in the adversary complaint. Appellant does not address why these claims should have been heard.

The Bankruptcy Court's refusal to hear the claims was proper. "It is one thing to set forth theories in a brief; it is quite another to make proper allegations in a complaint." Pa. ex rel. Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Indeed, "legal theories set forth in [the plaintiff's brief] are helpful only to the extent that they find support in the allegations set forth in the Complaint." Id.

---

[6] Appellant's reliance on In re Burrik, 459 B.R. 881 (Bankr. W.D. Pa. 2011) is misplaced. There, the court found that the debtor did not satisfactorily explain the loss of artwork inventory when he claimed that the inventory was sold but could not corroborate the sale with any written records of documentation. Id. at 896. Here, however, the Bankruptcy Court found that Debtor supported his explanation with testimony about the payments he made, tax returns, bank statements, and numerous other documents. Tr. 16:7-21.

As the Bankruptcy Court recognized, Appellant's adversary complaint only asserts three causes of action under § 727.  Aside from vague references to equity and fraud, the adversary complaint gives no intimation that Appellant would pursue claims under §§ 105 or 523.  Debtor therefore was not on fair notice that Appellant would assert these theories.  The Bankruptcy Court addressed this issue with the parties at the hearing, and correctly decided that the new claims could not be asserted for the first time in a brief submitted in connection with Appellant's summary judgment cross-motion.  See Warfield v. SEPTA, 460 F. App'x 127, 132 (3d Cir. 2012) (refusing to consider claim asserted for first time in summary judgment brief); Marshall v. Penn Twp., Pa., 458 F. App'x 178, 181 (3d Cir. 2012) (same).  The Court finds no reason to upset that decision.

## C.  Leave to Amend

Appellant alternatively requests leave to amend his adversary complaint to include a § 523(a)(2)(a) cause of action.  The Court denies the request.  First, Appellant did not request a motion to amend below, even though the Bankruptcy Court raised the timeliness issue with the parties at oral argument, and therefore cannot assert the argument for the first time on appeal.

Second, and more importantly, leave to amend is denied on futility grounds.  As the Bankruptcy Court noted, a § 523 cause of action is time barred.  Bankruptcy Rule 4007(c) provides that a complaint to determine the dischargeability of any debt pursuant to § 523 cannot be filed later than sixty-days after the first date set for the Rule 341 meeting of creditors.  Bankr. R. 4007(c).

Here, the Rule 341 meeting occurred on December 6, 2013.  No. 13-34203, Dkt. No. 3. The time to file an amended complaint expired in February 2014.  Appellant nonetheless seeks permission to file an amended complaint that consists of an entirely new cause of action, and he

seeks to file it more than two years after the 341 meeting occurred.[7] The amended complaint would plainly be time-barred.

### D. Pending Second Circuit Action

Finally, Appellant contends that "courts in the Third Circuit should refrain from interfering with the Second Circuit's resolution of the fraudulent transfer matter." Although not entirely clear, his argument appears to be that the Bankruptcy Court should not have approved the settlement between the Trustee, Ms. Cho, and Smiler's Deli because Trustee does not have authority over the fraudulent transfer claim pursuant to In re Bernard L. Madoff Inv. Sec. LLC, 721 F.3d 54 (2d Cir. 2013). Appellant raised this same argument in his previous appeal of the Bankruptcy Court's order approving settlement. No. 14-7613, Br. at 28-30, Dkt. No. 6. This Court rejected Appellant's position, and the decision is currently pending on appeal before the Third Circuit. Meanwhile, the SDNY Action is currently stayed pursuant to § 362(a) of the Bankruptcy Code and will remain stayed pending resolution of the appeal. No. 11-3436, Dkt. Nos. 46, 55. The Court therefore will not address this argument a second time.

### IV.   CONCLUSION

For the foregoing reasons, the Bankruptcy Court's May 14, 2015 Order is **AFFIRMED**.

**Date: February 18, 2016**

---

[7]    Appellant does not expressly raise the relation back doctrine. Assuming he did, the doctrine would not apply here. Relation back will be allowed only where the opposing party is given fair notice of the facts and the legal theory upon which the amending party proceedings. Glover v. FDIC, 698 F.3d 139, 146 (3d Cir. 2012). Here, Debtor was not on fair notice that Appellant would challenge discharge under § 523 where the legal theory first advanced in Appellant's summary judgment briefs. Appellant's original complaint, by comparison, does not allege or suggest that he was pursuing anything other than a § 727 claim. Moreover, fair notice arises when "the original complaint adequately notified the defendants of the basis for liability the plaintiffs would later advance in the amended complaint." Id. (internal citation omitted) (original emphasis). Appellant argument that Debtor had fair notice of the new claim because the Bankruptcy Court discussed the claim at the summary judgment hearing is therefore incorrect.

13

/s Madeline Cox Arleo
**MADELINE COX ARLEO**
UNITED STATES DISTRICT JUDGE